| | |
|---|---|
| 1 | MCGREGOR W. SCOTT<br>United States Attorney |
| 2 | EDWARD A. OLSEN, CSBN 214150<br>Assistant United States Attorney |
| 3 | 501 I Street, Suite 10-100<br>Sacramento, CA 95814 |
| 4 | E-mail: edward.olsen@usdoj.gov<br>Telephone: (916) 554-2821 |
| 5 | Facsimile: (916) 554-2900 |
| 6 | Attorneys for the United States of America |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANEYA COOK, an individual,<br><br>              Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA; SCOTT V. PERRYMAN, M.D.; and DOES 1 through 30, inclusive,<br><br>              Defendants. | Case No. 2:19-CV-02493-TLN-CKD<br><br>**STIPULATION TO DISMISS CLAIMS AGAINST THE UNITED STATES; AND ORDER** |

Plaintiff Taneya Cook, by and through her attorney of record, and the United States, by and through its attorneys of record, hereby stipulate to dismissal of Plaintiff's claims against the United States without prejudice and to remand Plaintiff's claims against Scott Perryman, M.D. back to state court, based on the following:

    (1)    Plaintiff filed a Complaint in Solano County Superior Court on October 4, 2019, alleging that OLE Health, Inc. ("Clinic"), two employees of the Clinic (Karen Kin Yan Chung, M.D. and Mara Adelman), and Scott Perryman committed medical malpractice.

    (2)    Plaintiff filed an Amended Complaint in Solano County Superior Court on November 20, 2019.

(3) The Clinic receives federal funding and both the Clinic and its employees (Karen Kin Yan Chung, M.D. and Mara Adelman) are deemed to be employees of the Public Health Service within the United States Department of Health and Human Services. *See* Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233.

(4) Because the Clinic is deemed to be a federal employee, tort actions against the Clinic and its employees (acting within the scope of their employment) arising from medical or related functions must be brought against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80. *See* 42 U.S.C. § 233(a).

(5) On December 13, 2019, the United States Attorney removed the state court action to federal district court and filed a certification that the Clinic, Dr. Karen Kin Yan Chung, and Mara Adelman were acting within the course and scope of their employment at the time of the events giving rise to this action.

(6) As a result of the certification, the United States was substituted as the federal defendant in place of the Clinic, Dr. Karen Kin Yan Chung, and Mara Adelman by operation of law. *See* 42 U.S.C. § 233(c).

(7) "A federal court's jurisdiction to hear damage actions against the United States is limited by section 2675(a) of the FTCA." *Shipek v. United States*, 752 F.2d 1352, 1353 (9th Cir. 1985); *accord Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000).

(8) Section 2675(a) requires, as a prerequisite to suing the United States, that a plaintiff must first present his or her claim to the appropriate federal agency. *Shipek*, 752 F.2d at 1353. The plaintiff must then receive a denial of the claim or await the passage of six months before filing suit. *Id*. "The plaintiff is permitted to sue the United States only after the claim is denied or six months have elapsed without final disposition by the agency." *Warren v. United States Dep't of Interior*, 724 F.2d 776, 778 (9th Cir. 1984) (en banc); *see also See Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992) ("Section 2675(a) establishes explicit prerequisites to the filing of suit against the Government in district court. It admits of no exceptions."); *McNeil v. United States*, 508 U.S. 106, 112-13 (1993) (stating that exhaustion of administrative remedies during the pendency of an action does not cure the failure to exhaust prior to filing the action).

(9) Plaintiff has not yet exhausted an administrative tort claim with the United States Department of Health and Human Service.

Accordingly, Plaintiff and the United States agree that the claims against the United States must be dismissed without prejudice and that the matter (plaintiff's claims against Scott Perryman, M.D.) may be remanded to state court.

Dated: January 9, 2020						Respectfully submitted,

								McGREGOR W. SCOTT
								United States Attorney

						By:	/s/ *Edward A. Olsen*
								EDWARD A. OLSEN
								Assistant United States Attorney

								Attorneys for the United States of America

Dated: January 9, 2020						*/s/ Caroline E. Gegg*
								CAROLINE E. GEGG
								Attorney for Plaintiff

**ORDER**

Pursuant to stipulation, IT IS SO ORDERED.

Dated: January 9, 2020

								_____
								Troy L. Nunley
								United States District Judge